IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERROD STOUT, on behalf of himself And all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL PLASTICS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 6:23-cv-1057<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Jerrod Stout on behalf of himself and all others similarly situated, by and through counsel of record, hereby states and alleges as follows for his cause of action against Defendant Central Plastics, Inc.:

1. The Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") was designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers…." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2. The Kansas Wage Payment Act, K.S.A. 44-301 et seq. ("KWPA") was designed to ensure that employees receive "all wages due", and that employers may not "withhold, deduct, or divert any portion of an employee's wages" except for limited, approved reasons, none of which apply in this case.  *See* K.S.A. 44-314(a), 44-319(a).

3. This action seeks redress against Defendant Central Plastics, Inc. arising from unlawful wage practices at its McPherson, Kansas manufacturing plant.  Specifically, Defendant

1

fails to pay its employees for all hours worked in violation of the FLSA's overtime requirements and the KWPA's requirements.

4. Plaintiff Jerrod Stout is a citizen of the State of Kansas.

5. Defendant Central Plastics, Inc. is a McPherson, Kansas corporation that extrudes plastic parts for the window and door plastic extrusions industry, the garage door industry, the construction industry, the medical industry, and the automotive industry.

6. In the three years preceding the filing of this Complaint, Defendant has had at least $500,000.00 in gross annual receipts.

7. In the three years preceding the filing of this Complaint, the Defendant regularly employed hundreds of employees engaged in the production of goods for commerce.

8. The Court may exercise personal jurisdiction over the Defendant.

9. Venue is proper in this Division of the Court.

10. The Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

11. Defendant has employed Plaintiff since February 2021.

12. Plaintiff is employed by Defendant as a material handler on the first shift.

13. At all times relevant to the allegations herein, Plaintiff has been employed as an hourly, nonexempt employee.

14. Defendant represents Plaintiff and other similarly-situated employees that it pays employees at an hourly rate for time worked.

15. Defendant maintains a written policy, which employees are required to acknowledge, stating that "Hours worked in excess of forty (40) hours per week shall be paid at a rate of time and one-half the employee's base rate of pay plus shift differential when it applies."

16. Defendant regularly suffers or permits Plaintiff to work in excess of 40 hours per workweek.

17. Defendant maintains a rounding policy that results in Plaintiff and other similarly situated employees not receiving full legal compensation for all work in excess of 40 hours per workweek.

18. During the week commencing on Monday, March 13, 2023, and ending Friday, Plaintiff's clocked in and out as follows:

| Date | Clock-In Time | Clock-Out Time |
| --- | --- | --- |
| Monday, March 13, 2023 | 7:44 AM | 4:00 PM |
| Tuesday, March 14, 2023 | 7:42 AM | 4:01 PM |
| Wednesday, March 15, 2023 | 7:43 AM | 4:01 PM |
| Thursday, March 16, 2023 | 7:42 AM | 4:00 PM |
| Friday, March 17, 2023 | 7:47 AM | 4:00 PM |

19. Despite reporting and working more than 40 hours the week beginning Monday, March 13, 2023, Defendant compensated Plaintiff for only 40 hours of work that week.

20. Defendant rounded each of Plaintiff's clock-in times that week to 8:00 AM.

21. The following workweek, on March 20, 2023, Plaintiff clocked in at 8:11 AM.

22. Defendant rounded Plaintiff's clock-in time for March 20, 2023, to 8:15 AM.

23. To be valid under the FLSA, a rounding policy must be "neutral, both facially and as applied." *Aguilar v. Mgmt. & Training Corp.*, 948 F.3d 1270, 1288 (10th Cir. 2020).

24. Defendant's rounding policy is not neutral.

25. Defendant's rounding policy results in employees not being paid for all hours worked.

26. Defendant's rounding policy applies uniformly to all nonexempt employees at its McPherson, Kansas facility.

### Count I—FLSA Collective Action

27. All previous paragraphs are incorporated by reference.

28. The Collective Action Plaintiffs are defined as: "All nonexempt employees of Defendant Central Plastics, Inc. who were suffered or permitted to work in excess of 40 hours per workweek in the last three years without receiving legal overtime compensation."

29. Plaintiff and the Collective Action Plaintiffs were required to perform work without receiving all wages due and owing pursuant to the FLSA.

30. Defendant failed to, and continue to fail to, compensate Plaintiff and the Collective Plaintiffs for all hours worked.

31. The unlawful practices occurring at Defendant's McPherson, Kansas facility are applied to the Collective Action Plaintiffs.

32. The unlawful practices complained of are willful.

33. The number and identity of the Collective Action Plaintiffs may be determined from the records of Defendant, and they must be notified of their right to join this litigation.

34. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within the three-year period preceding the commencement of this action who have not been compensated for all hours worked at legal wage rates.

35. Plaintiff, on behalf of himself and all the Collective Action Plaintiffs, seek unpaid wages, liquidated damages, attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

### Count II—KWPA Class Action

36. All previous paragraphs are incorporated by reference.

37. The KWPA Class is defined as: "All nonexempt employees of Defendant who were subject to Defendant's timeclock rounding policy, at any time during the five years preceding the filing of the Complaint."

38. The KWPA requires employers to pay to employees "all wages due" at least once a month, on regular paydays. K.S.A. 44-314(a).

39. The KWPA prohibits employers from withholding, deducting, or diverting any portion of an employee's wages, with limited statutory exceptions. K.S.A. 44-319(a).

40. Defendant has a policy, practice, and/or procedure of suffering or permitting its employees to work without compensation, based upon its unlawful rounding policy.

41. The unlawful policy results in an unlawful withholding of wages owed by Defendant to Plaintiff and the KWPA Class, who were denied straight time and overtime compensation.

42. Defendant's unlawful policy caused harm to Plaintiff and the KWPA Class.

43. Defendant's unlawful policy was and is willful.

44. Class certification for the KWPA Class is appropriate because:

      a.      The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at the present time;

      b.      There are questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including: (i) whether Defendant's policies and practices regarding compensable time violate the KWPA; (ii) whether Plaintiff and the KWPA Class have suffered damages as a result of Defendants' compensation policies and practices; and (iii) the class-wide measure of damages.

      c.      Plaintiff's claims are typical of the claims of the members of the class. He worked under the same policies and procedures applicable to all nonexempt employees at Defendant's McPherson, Kansas facility.

      d.      Plaintiff will fairly and adequately protect the interests of the members of the class. He has retained competent counsel who is experienced in class action and complex litigation involving compensation claims. He has no adverse interests in conflict with other members of the class.

45. Plaintiff satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

46. Class certification is appropriate under K.S.A. 60-223(b)(2) because Defendant has acted on grounds generally applicable to the respective class members covered by the KWPA, and because injunctive and declaratory relief prohibiting Defendant from further violating the KWPA is appropriate.

47. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to class members predominate over any

questions affecting only individual members, and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

    a.    There is minimal interest of members of this class in individually controlling their prosecution of clams under the KWPA in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with the KWPA;

    b.    There is no known prior litigation being prosecuted against the Defendant by this class of employees for violations of the KWPA;

    c.    It is desirable to concentrate all the litigation of these claims in this forum within this Court since all class members with claims under the KWPA work in Kansas and all class members will have the same legal claims for violations of the KWPA; and

    d.    There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant has violated the KWPA. Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the Court or enabling them to opt-out of this class.

48. In the absence of a class action, the Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the KWPA.

49. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

50. Proceeding as a class action would permit the large number of injured parties to

prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

51. Numerous repetitive individual actions would also place an enormous burden on the Courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

52. Plaintiff meets the requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

Wherefore, Plaintiff Jerrod Stout, on behalf of himself and all others similarly situated, prays for the following relief:

A. Designation of Plaintiff Jerrod Stout as Representative Plaintiff of the putative Collective Action Plaintiffs and the Rule 23 KWPA Class.

B. Prompt issuance of notice of this action to all Collective Action Plaintiffs, as permitted by 29 U.S.C. § 216(b) and governing case law.

C. Class certification for the Rule 23 KWPA Class.

D. Designation of Plaintiff's counsel, Graybill & Hazlewood, LLC, as counsel for the Collective Action Plaintiffs and the Rule 23 KWPA Class.

E. A declaratory judgment that Defendant's policies violate the FLSA and the KWPA.

F. An award of damages equal to unpaid straight time and overtime compensation for Plaintiff, the Collective Action Plaintiffs, and the Rule 23 KWPA Class.

G. An award of liquidated damages for Plaintiff and the Collective Action Plaintiffs.

H. An award of KWPA penalties for Plaintiff and the Rule 23 KWPA Class.

I. An award of reasonable attorney's fees and costs to Plaintiff and the Collective Action Plaintiffs.

J.  Costs to Plaintiff and the Rule 23 KWPA Class.

K.  Any and all other relief as the Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed representative action have a right to jury trial.

## Designation of Place of Trial

Plaintiff hereby designates the United States District Court for the District of Kansas at Wichita, Kansas as the place of trial.

Dated: April 17, 2023.

RESPECTFULLY SUBMITTED BY:

Graybill & Hazlewood, LLC

/s/ Donald N. Peterson
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932
Nathan R. Elliott, #24657
218 N Mosley St
Wichita, KS 67202
Phone: 316-266-4058
Fax: 316-462-5566
don@graybillhazlewood.com
sean@graybillhazlewood.com
nathan@graybillhazlewood.com
***Attorneys for Plaintiffs***
